UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1984 |
| | § | |
| JESSE LINZY, | § | |
| | § | |
| Defendant and Cross Claimant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff City of Houston's Motion to Dismiss (Doc. No. 3), in which Plaintiff asks that this Court dismiss Defendant Jesse Linzy's "cross claims"[1] against Plaintiff in accordance with Federal Rule of Civil Procedure 12(b)(6). While this Court is convinced that Linzy has failed to state a cause of action against Plaintiff for which relief can be granted, the Motion to Dismiss must be **DENIED** because this Court does not have subject matter jurisdiction over the case.

As explained in Judge Rosenthal's remand order of March 11, 2005, the only possible basis for federal jurisdiction over this case would be 28 U.S.C. § 1331, which affords federal jurisdiction over cases presenting federal questions. However, the question of federal law must appear on the face of the complaint. *See Franchise Tax Bd. v. Constr. Laborers. Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). Here, the claims asserted by City of Houston in state court are solely state law claims. While it is true that Mr. Linzy's counterclaims purport to be based in federal law, a defendant's counterclaim alleging a federal question does not provide a basis for federal

---

[1] Mr. Linzy improperly characterizes his claims against the City of Houston as "cross claims" when they are in fact "counterclaims."

jurisdiction. *Metro Ford Truck Sales v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998); *Isbell v. Stewart & Stevenson, Ltd.*, 9 F. Supp. 2d 731, 733 n.4 (S.D. Tex. 1998).

Because the complaint in this case raises no question of federal law, removal was improper. This case must be **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**SIGNED** this 28th day of June, 2007.

                                                KEITH P. ELLISON
                                               UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT